## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

JULIO C. GARCIA, individually and on     :
behalf of a class of persons similarly situated,     :
     **Plaintiff**     :
    :
     **v.**     :         **C.A. No.**
    :
ALDI INC., ALDI INC. (CONNECTICUT),     :
and JOHN DOE COMPANIES,     :
1 through 40, inclusive,     :
     **Defendants**     :

## CLASS AND COLLECTIVE ACTION COMPLAINT

### I.     Introduction

1.     This is a class and collective action brought by the Plaintiff, individually and on behalf of all others similarly situated, against the Defendants seeking compensatory and liquidated damages, as well as attorneys' fees, litigation expenses and other equitable relief, arising out of Defendants' unlawful failure to properly compensate the Plaintiff and other similarly-situated individuals in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. and the Rhode Island Minimum Wage Act, R.I.G.L. §28-12-1, *et seq*. ("RIMWA").

### II.     Parties

2.     The Plaintiff, Julio C. Garcia ("Garcia"), is a resident of the Town of North Providence, County of Providence, State of Rhode Island. During all relevant time periods, Plaintiff Garcia was employed by the Defendants, and was thus an employee within the meaning of 29 U.S.C. §203(e)(1) of the FLSA and R.I.G.L. §28-12-2(4) of the RIMWA. Plaintiff Garcia is a member of the class of persons as defined below and seeks to be certified as a class representative of the class.

3. Defendant ALDI Inc. is an Illinois corporation and maintains a principal place of business in Batavia, Illinois.

4. As of January 25, 2017, Defendant ALDI Inc., along with its affiliated companies, owned and operated approximately 1,578 ALDI store locations throughout the United States.

5. As of January 25, 2017, Defendant ALDI Inc., along with its affiliated companies, employed approximately 24,000 individuals in the following states: Rhode Island, Connecticut, New Hampshire, Massachusetts, Vermont, New York, Pennsylvania, New Jersey, Delaware, Maryland, Ohio, Virginia, West Virginia, North Carolina, South Carolina, Georgia, Florida, Alabama, Tennessee, Kentucky, Indiana, Michigan, Wisconsin, Illinois, Missouri, Arkansas, Mississippi, Texas, Oklahoma, Iowa, Kansas, Nebraska, Minnesota, South Dakota, and California.

6. Defendant ALDI Inc. (Connecticut) is a Connecticut corporation and maintains a principal place of business in Batavia, Illinois. Defendant ALDI Inc. (Connecticut) conducts business within the State of Rhode Island, is registered to conduct business in the State of Rhode Island, and employs individuals in the State of Rhode Island. On information and belief, Defendant ALDI Inc. (Connecticut) is a subsidiary of Defendant ALDI Inc.

7. On information and belief, John Doe Companies, 1 through 40, inclusive, are separate business entities, including, but not limited to, corporations, limited liability companies, firms, partnerships, associations, joint stock companies, subsidiaries, agents, and/or alter egos of Defendants ALDI Inc. and/or ALDI Inc. (Connecticut) in some capacity.[1] In addition, Defendant John Doe Companies, 1 through 40, inclusive, are registered with, conduct business in, and/or employ individuals in the United States, including within the State of Rhode Island.

---

[1] The Plaintiff will amend this Complaint to set forth the names of these unknown Defendant entities when they are ascertained.

8. That Defendants ALDI Inc., ALDI Inc. (Connecticut) and/or John Doe Companies, 1 through 40, inclusive, are collectively referred to hereinafter as "Defendants" or "ALDI."

9. At all relevant times, the Defendants were engaged in the stream of interstate commerce, and were employers of Plaintiff Garcia and other similarly-situated individuals within the meaning of 29 U.S.C. §203(d); *see also Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991), *and cases cited therein.*

10. The Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business purpose, and are, and at all times hereinafter mentioned were, an enterprise with the meaning of 29 U.S.C. 203(r).

11. At all times hereinafter mentioned, the Defendants employed Plaintiff Garcia and other similarly-situated individuals in certain activities of said Defendant enterprises, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced in commerce.

12. Said Defendant enterprises, at all times hereinafter mentioned, had annual gross volume of sales made or business done in the amount of not less than $500,000.00. Therefore, the Plaintiff and other similarly-situated employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 203(s).

13. Plaintiff Garcia alleges, on behalf of himself and all similarly-situated employees, that the Defendants unlawfully failed and refused to provide the Plaintiff and similarly-situated employees proper wages for all hours worked.

### III.     Jurisdiction

14.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1367, 2201 and 2202 and 29 U.S.C. §216(b).

### IV.     Venue

15.     Venue is proper in this Court insofar as a substantial part of the events or omissions giving rise to Plaintiff Garcia's claims occurred in the District of Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V.     General Allegations

16.     Defendants operate their ALDI store locations as a chain, so that customers can essentially obtain the same or similar products and experience the same customer service at all of Defendants' ALDI store locations.

17.     Defendants, and their affiliated companies, utilize the same or similar training, policies and procedures relative to the manner in which employees perform their jobs, including compensation and taking breaks or meal breaks.  The usage of standardized documents and/or written policies indicate that Defendants dictated policies at the corporate-level and implemented them company-wide, regardless of their employees' locations or positions.

18.     Defendants maintain an "Operations Store Procedures Manual" that contains several written employee policies, including "Time Clock, Breaks, and Services Performed Policies" Policy No. 2.3.  A copy of this policy is attached hereto at Exhibit A.

19.     The "Time Clock, Breaks, and Services Performed Policies" Policy No. 2.3 states, in pertinent part, as follows:

> BREAK POLICY
> **Unless state law provides otherwise,** hourly employees will be granted breaks according to the following schedule:

4

| Shift Length | Paid Beak Received |
| --- | --- |
| 0-3.9 Hours | No Paid Break |
| 4-5.9 Hours | Paid 15 minute break |
| 6-6.9 Hours | Paid 20 minute break |
| 7+ Hours | Two paid 15 minute breaks |

If for some reason a full paid break cannot be taken, the employee will need to be paid for the unused portion of their break. In addition, employees who work a seven or more hour shift must receive the opportunity to take an unpaid 30-minute meal break. Break time is to be taken in designated areas only. Employees must clock in and out on the time clock to record the beginning and ending of their breaks.

20.     Despite this written policy, Defendants failed and/or refused to allow their employees, including clerks, cashiers and managers, to take timely, uninterrupted mealtime breaks.

21.     Despite this written policy, Defendants maintained and continue to maintain a policy or practice of requiring their employees, including clerks, cashiers, and managers, to perform work during their so-called mealtime breaks.

22.     For example, Defendants required employees to possess work radios during breaks, take their breaks in designated break areas inside store facilities, monitor store check-out lines from the designated break areas during breaks, respond immediately to certain customer-related issues that arise during their break periods, such as check-out line back-ups, and assist cashiers if a customer check-out line became busy during a break period.

23.     Defendants also restricted employees from leaving store facilities during mealtime breaks.

24.     As such, the Defendants required employees to perform work during their designated break periods or, at least, during portions of their designated break periods.

25.     Defendants also required employees to work during their so-called unpaid 30-minute meal break and failed and/or refused to compensate such employees for their time worked.

26. By failing to compensate employees for work performed during designated work breaks, Defendants failed and/or refused to pay their employees at the minimum wage rate and/or at the overtime premium rate for such work.

27. For example, if an employee worked in excess of forty (40) hours in a given week and also performed work during two (2) 30-minute meal breaks during the same week, the employee is entitled to overtime compensation for work performed during the two (2) 30-minute meal breaks.

## VI.    Factual Allegations Relating to Plaintiff Garcia

28. On or about July 17, 2011, Plaintiff Garcia was hired by the Defendants as a part-time cashier at Defendants' store location in Providence, Rhode Island.

29. In 2014, the Plaintiff became a shift manager; however, he continued to work certain shifts as a cashier.

30. Throughout his employment, Plaintiff Garcia was compensated on an hourly basis. As a cashier, Plaintiff Garcia earned $13.00/hour. As a shift manager, Plaintiff Garcia earned $17.25/hour.

31. During his employment, Plaintiff Garcia worked at various stores throughout southern New England, including store locations in Providence, East Providence, and Westerly, Rhode Island and Raynham, Massachusetts.

32. During his employment at these various store locations, Plaintiff Garcia's daily work shifts varied between four (4) and twelve (12) hours; however, at least once per week, he worked a shift that was more than seven (7) hours.

33.     During his employment and depending on the length of his daily work shift, the Plaintiff was provided paid 15 minute breaks, paid 20 minute breaks, two (2) paid 15 minute breaks and/or unpaid 30 minute meal breaks.

34.     Defendants required Plaintiff Garcia to clock in and out to record the beginning and end of his meal-time break periods.

35.     During these aforementioned meal breaks, and largely due to understaffing at store locations, Plaintiff Garcia was not permitted to leave the premises of Defendants' store locations and was not completely freed from his duties during the break period.

36.     In fact, during most, if not all, work shifts, Plaintiff Garcia was required to carry a work radio during breaks, take his breaks in a designated area inside store facilities, monitor store check-out lines from the designated break areas during breaks, respond immediately to certain customer-related issues that arise during his break periods, such as check-out line back-ups, and assist cashiers during a break period if a customer check-out line became busy.

37.     As a result, the Plaintiff was performing work during most, if not all, of his allotted break times.

38.     The Plaintiff can specifically recall that, while on meal time breaks, he was required to assist with customer check-out lines on several occasions during his employment. The Plaintiff was not compensated by the Defendants despite performing work during his allotted meal time break periods.

39.     The Plaintiff was not paid regular wages or overtime premium wages for working during his allotted 30-minute, uninterrupted meal breaks.

40.     During Plaintiff's employment, Defendants did not relieve Plaintiff Garcia of all of his work duties during break periods, did not relinquish control over his activities during break

periods, did not permit Plaintiff Garcia a reasonable opportunity to take uninterrupted break periods, and impeded or discouraged him from doing so.

41.     On information and belief, Defendants can determine the amount of time Plaintiff Garcia was not properly compensated during break periods by reviewing time-keeping records and/or store surveillance video.

42.     Defendants required the Plaintiff to perform work during his mealtime break periods and failed and/or refused to properly compensate the Plaintiff for such work.

43.     Defendants failed and/or refused to provide Plaintiff Garcia uninterrupted mealtime break periods as required by federal and state law. *See* 29 C.F.R. §785.19; R.I.G.L. §28-3-14.

44.     The FLSA and the RIMWA require employers to pay their employees at the minimum wage for all hours worked. 29 U.S.C. §206(a)(1); R.I.G.L. §28-12-3.

45.     The FLSA and the RIMWA requires employers to pay their employees at a rate not less than one and one-half times (1 ½) their regular rate of pay for all hours worked in excess of forty (40) in any one (1) workweek. 29 U.S.C. §207(a)(1); R.I.G.L. §28-12-4.1.

46.     The FLSA and the RIMWA exempt certain "bona fide executive, administrative, or professional" from its minimum wage and overtime provisions. 29 U.S.C. §213(a)(1); *see also* R.I.G.L. §28-12-4.3. The exempt or nonexempt status of any particular employee is determined on the basis of whether the employee's salary and duties meet the requirements of the U.S. Department of Labor wage and hour regulations. 29 C.F.R. §541, *et seq.*

47.     Plaintiff Garcia's primary job duties were not managerial in nature and he held no authority to hire or fire other employees. 29 C.F.R. § 541.100(a)

48.     Plaintiff Garcia's primary duties were not of "such substantial importance to the management or operation of the business that [they] can be said to be 'directly related to

management policies or general business operations[,]'" so as to satisfy the first prong of the duties test. 29 C.F.R. §541.205(c)(2).

49. Nor did Plaintiff Garcia's primary job duties require the exercise of discretion and independent judgment, with respect to "decisions normally made by persons who formulate policy within their spheres of responsibility or who participate in this process or who exercise authority to commit the employer in a *substantial* respect, financial or otherwise," so as to satisfy the second prong of the duties test. 29 C.F.R. §541.207(d)(2)(emphasis added).

50. Despite the fact that the Plaintiff was a non-exempt employee, Defendants failed to pay Plaintiff Garcia's overtime premiums on numerous workweeks as required by the FLSA and the RIMWA.

51. Defendants have willfully, recklessly, and repeatedly violated the provisions of the FLSA and the RIMWA for failing to pay the Plaintiff minimum wage for each hour worked and by employing Plaintiff Garcia for workweeks longer than forty hours (40) without compensating him at rates not less than one and one-half times his regular rate at which he was employed.

52. Plaintiff Garcia ceased working at Defendants on July 6, 2016.

53. The Defendants' unlawful actions and/or omissions are in violation of the FLSA and the RIMWA, and were motivated by malice and ill will toward Plaintiff Garcia and other similarly-situated employees, and Defendants' actions were taken with reckless and callous indifference to the statutorily protected rights of Plaintiff Garcia and other similarly-situated employees.

54. As a proximate result of the Defendants' unlawful acts and/or omissions, including, but not limited to, those described herein, Plaintiff Garcia and other similarly-situated employees

have suffered and will continue to suffer loss of income, costs incurred due to legal expenses, and other great harm.

## VII.  RIMWA Class Action Allegations

55.  Plaintiff Garcia brings this RIMWA Class Action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all those similarly-situated.

56.  The RIMWA Class Action shall be maintained as an opt-out class action in accordance with Fed. R. Civ. P. 23.

57.  The RIMWA class action persons, whom Plaintiff Garcia seeks to represent, is defined as any and all individuals who were, are, or will be employed by Defendants in the State of Rhode Island as clerks, cashiers, managers, or other similarly-situated employees during the applicable statutes of limitations, who have not been compensated at the minimum or overtime wage rate for all work performed during designated work break periods.  Plaintiff Garcia and the class action persons have had substantially similar job requirements, duties, and business activities, and were paid in the same manner, and are and have been subject to Defendants' decisions, policies, plans, and common policies, programs, practices, procedures, protocols, routines, and rules wrongfully failing and/or refusing to compensate them at the minimum or overtime wage rate for all work performed during designated work break periods.

58.  Plaintiff Garcia is a member of the class he seeks to represent and the claims of Plaintiff Garcia stated herein are essentially the same as those of the other class and collective action persons.

59.  There are questions of law and fact common to the class, and these questions predominate over any questions affecting only individual class members.

60.     Questions of law and fact common to the class as a whole include, but are not limited to, the following:

a.     whether the Defendants failed and continue to fail to provide Plaintiff Garcia and other similarly-situated employees the proper amount of wages, including compensating Plaintiff and similarly-situated employees at the minimum or overtime wage rate for all work performed during designated work break periods, in violation of the RIMWA;

b.     whether Defendants' policies and practices relative to their failure to provide Plaintiff Garcia and other similarly-situated employees the proper amount of wages violated and continue to violate the applicable provisions of the RIMWA;

c.     whether Defendants' failure to pay Plaintiff Garcia and other similarly-situated employees the proper amount of wages, including compensating Plaintiff Garcia and similarly-situated employees at the minimum or overtime wage rates for all work performed during designated work break periods, was an innocent mistake or willful within the meaning of the RIMWA;

d.     whether the Defendants acted in good faith in failing to pay Plaintiff Garcia and other similarly-situated employees the proper amount of wages, including compensating the Plaintiff and similarly-situated employees at the minimum or overtime wage rate for all duties performed during designated work break periods;

e.     whether the Defendants have a history of previous violations for failing to pay the proper amount of wages, including compensating the Plaintiff and similarly-situated employees at the minimum or overtime wage rate for all work performed during designated work break periods, in violation of the RIMWA; and,

f.  whether Plaintiff Garcia and other similarly-situated employees have suffered damages as a result of Defendants' wrongful acts and/or omissions.

61.  A class action is also fair and efficient means to litigate this matter because prosecution of separate actions by individual members of the class would create a risk of differing adjudications with respect to such individual members of the class, which as a practical matter, may be dispositive of the interests of other members to the adjudication, or substantially impair or impede their ability to protect their interests.

62.  Plaintiff Garcia anticipates that there will be little difficulty in the management of this litigation. This litigation presents a wage claim of a type that has often been previously prosecuted on a class action basis, and in the manner of identifying the members of the class and providing any monetary relief to them can simply be effectuated from a review of Defendants' books and records.

63.  While the exact number and identities of members of the class are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff Garcia believes that approximately 350 putative class members have worked as clerks, cashiers, managers or other similarly-situated employees during the applicable statutes of limitation, without receiving appropriate compensation for work performed as required by federal and state law.

64.  As the representative party of the class, Plaintiff Garcia's claims are typical of the claims of the class. Plaintiff Garcia has not been properly compensated for all hours he performed work for the benefit of the Defendants. Plaintiff Garcia has been subject to the wrongful policies, practices, and procedures of the Defendants. Plaintiff Garcia has suffered harm as a result thereof.

65.  Plaintiff Garcia will fairly and adequately represent and protect the interests of the members of the class. Plaintiff Garcia has retained counsel competent and experienced in class actions, wage claims, including RIMWA claims, and other employment law litigation.

66.     Class certification is appropriate pursuant to the RIMWA because the Defendants have violated the statutory rights generally applicable to members of the class.

67.     The names and addresses of the RIMWA Class Action persons are available from the Defendants. To the extent required by law, notice will be provided to such individuals via first class mail and/or by the use of techniques in a form of notice that has been used customarily in the wage claim class actions, subject to this Honorable Court's approval.

## VIII.  Defendants' Wrongful Conduct Relates to Rhode Island

68.     The Defendants own, operate, control and/or maintain eight (8) store locations in the State of Rhode Island.

69.     The conduct and practices on which the claims of Plaintiff Garcia and the putative class were based and the transactions underlying such claims were conceived, formulated, approved, performed and disseminated in and from the State of Rhode Island. Based on the following facts, among others, the Defendants' practices directly and indirectly affect the citizens of Rhode Island and thus the State of Rhode Island has the most significant relationship to the conduct, claims, and events at issue:

a.     the Defendants conduct business in the State of Rhode Island and maintain store locations in Providence, East Providence, Cranston, Westerly, Middletown, Warwick, and North Smithfield, Rhode Island;

b.     at least one Defendant, Defendant ALDI Inc. (Connecticut), is registered with the State of Rhode Island to conduct business in the State of Rhode Island;

c.     Defendants provide services to citizens of the State of Rhode Island;

d.     Defendants' improper wage and break policy practices are formulated and directed in Rhode Island. On information and belief, Defendants' employees, who likely determined and dictated

the unlawful pay and break policy practices complained of herein, were employed in the State of Rhode Island at Defendants' store locations; and,

     e.    Plaintiff Garcia and other similarly-situated employees worked in the State of Rhode Island.

### IX.    Claims for Relief

70.    Plaintiff Garcia, on behalf of himself and others similarly-situated, incorporates the allegations contained in ¶¶1 through 69 above in the counts set forth below.

### Count One
### Violations of the FLSA, 29 U.S.C. §206(a) and §207(a)
### [Collective Action]

71.    Plaintiff Garcia brings this FLSA Collective Action pursuant to 29 U.S.C. 216(b).

72.    The FLSA Collective Action shall be maintained as an opt-in collective action as required by the FLSA.

73.    Plaintiff Garcia consents to sue in this action pursuant to the FLSA and his consent form to act as a representative plaintiff is attached hereto at Exhibit B.

74.    During all relevant time periods, the Defendants have been and continue to be an "employer" within the meaning of the FLSA.

75.    During all relevant time periods, the Defendants employed Plaintiff Garcia within the definition of the FLSA.

76.    The FLSA requires each covered employer, such as the Defendants, to compensate all employees, such as Plaintiff Garcia, at the minimum wage for all duties performed in any workweek.

77.    The FLSA requires each covered employer, such as the Defendants, to compensate all employees, such as Plaintiff Garcia, for all work in excess of forty (40) hours performed in any one workweek at rates not less than one and one-half times their regular rate of pay.

78.     Plaintiff Garcia and other similarly-situated employees were and are paid hourly in various workweeks.

79.     Plaintiff Garcia and other similarly-situated employees are entitled to be paid at the minimum wage rate or overtime premium rate for all duties performed in any workweek, more particularly for work performed during designated break periods.

80.     During all relevant time periods, the Defendants maintained a policy and practice of failing and refusing to compensate their employees at the minimum wage rate or overtime premium rate for all duties performed in various workweeks, more particularly for work performed during designated break periods.

81.     As a result of Defendants' failure and/or refusal to compensate their employees, including Plaintiff Garcia and other similarly-situated employees, at the minimum wage rate or overtime premium rate for all duties performed during designated break periods, the Defendants have violated and continue to violate the FLSA.

82.     Defendants' conduct as alleged herein constitutes a willful violation of the FLSA.

83.     Plaintiff Garcia, on behalf of himself and other similarly-situated employees, are entitled to damages in the amount of their respective unpaid compensation, plus liquidated damages as provided by the FLSA and other such legal and equitable relief as this Honorable Court deems just and proper, for which they are entitled to relief pursuant to 29 U.S.C. §216(b).

### Count Two
### Violations of the RIMWA, R.I.G.L. §§28-12-3 and §28-12-4.1
### [Class Action]

84.     During all relevant time periods, the Defendants have been and continue to be an "employer" within the meaning of the RIMWA.

85. During all relevant time periods, the Defendants employed and continue to employ Plaintiff Garcia and putative class members within the definition of the RIMWA.

86. Plaintiff Garcia consents to act as a representative plaintiff in the class action under the RIMWA.

87. The RIMWA requires each covered employer, such as the Defendants, to compensate all employees, such as Plaintiff Garcia, at the minimum wage for all duties performed in any workweek.

88. The RIMWA requires each covered employer, such as the Defendants, to compensate all employees, such as Plaintiff Garcia, for all work in excess of forty (40) hours performed in any one workweek at rates not less than one and one-half times their regular rate of pay.

89. Plaintiff Garcia and other similarly-situated employees were and are paid hourly in various workweeks.

90. Plaintiff Garcia and other similarly-situated employees are entitled to be paid at the minimum wage rate or overtime premium rate for all duties performed in any workweek, more particularly for work performed during designated break periods.

91. During all relevant time periods, the Defendants maintained a policy and practice of failing and refusing to compensate their employees at the minimum wage rate or overtime premium rate for all duties performed in various workweeks, more particularly for work performed during designated break periods.

92. As a result of Defendants' failure and/or refusal to compensate their employees, including Plaintiff Garcia and other similarly-situated employees, at the minimum wage rate or overtime premium rate for all duties performed during designated break periods, the Defendants have violated and continue to violate the RIMWA.

16

93. Defendants' conduct as alleged herein constitutes a willful violation of the RIMWA.

94. Plaintiff Garcia, on behalf of himself and other similarly-situated employees, are entitled to damages in the amount of their respective unpaid compensation, plus liquidated damages as provided by the RIMWA, and other such legal and equitable relief as this Honorable Court deems just and proper, for which they are entitled to relief pursuant to R.I.G.L. §28-14-19.2.

## X.    Prayers for Relief

**WHEREFORE,** Plaintiff Garcia, on behalf of himself and other similarly-situated employees, respectfully prays for the following relief:

1. a determination that this is a proper collective action pursuant to 29 U.S.C. 216(b);

2. a determination that this is a proper class action pursuant to Fed. R. Civ. P. 23;

3. a prompt issuance of notice pursuant to 29 U.S.C. §216(b), to all similarly situated members of the FLSA opt-in collective class apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. §216(b), and equitable tolling of the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. §216(b);

4. a designation of Plaintiff Garcia as the representative of the class;

5. a declaratory judgment declaring that the Defendants willfully violated the minimum and overtime wage requirements under the FLSA and the RIMWA in the manner complained of herein;

6. in the alternative, a declaratory judgment declaring that the Defendants violated the minimum and overtime wage requirements under the FLSA and the RIMWA in the manner complained of herein;

7.    enjoin and permanently restrain the Defendants from violating the FLSA and the RIMWA;

8.    an award of compensatory damages;

9.    an award of punitive damages;

10.    an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2;

11.    an award of liquidated damages pursuant to 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2; and,

12.    such other and further relief as this Honorable Court deems just and proper.

## XI.    Demand for Jury Trial

Plaintiff Garcia, on behalf of himself and other similarly-situated employees, hereby demands a trial by jury on all counts so triable.

## XII.    Designation of Trial Counsel

Plaintiff Garcia, individually and on behalf of all others similarly-situated, hereby designates V. Edward Formisano, Esq. and Michael D. Pushee, Esq. as trial counsel.

Plaintiff Garcia, on behalf of himself and other similarly-situated employees, hereby demands a trial by jury on all counts so triable.

## XII.   Designation of Trial Counsel

Plaintiff Garcia, individually and on behalf of all others similarly-situated, hereby designates V. Edward Formisano, Esq. and Michael D. Pushee, Esq. as trial counsel.


                                      Plaintiff,
                                      By his attorneys,
                                      **FORMISANO & COMPANY, P.C.**

Dated: February 2, 2017               /s/ V. Edward Formisano
                                      V. Edward Formisano (#5512)


                                      /s/ Michael D. Pushee
                                      Michael D. Pushee (#6948)
                                      100 Midway Place, Suite 1
                                      Cranston, RI 02920-5707
                                      (401) 944-9691
                                      (401) 944-9695 (facsimile)
                                      edf@formisanoandcompany.com
                                      mpushee@formisanoandcompany.com

## CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 2nd day of February, 2017 and is available for viewing and downloading from the ECF system.


                                      /s/ V. Edward Formisano

A

## TIME CLOCK, BREAK, AND SERVICES PERFORMED POLICIES

### TIME CLOCK POLICY

All hourly employees must record and be compensated for all time worked. Following the completion of each payroll week, employees shall review their total hours from the prior week and approve their electronic timecard. It is store management's responsibility to make sure employees are paid correctly for all hours worked. Working "off the clock" (working without being paid) is not permissible and anyone violating this policy or requiring or condoning the violation of this policy will be subject to disciplinary action, up to and including termination.

### END OF DAY PAYROLL POLICY

If the Sunday closing manager is an hourly employee, the weekly payroll should not be finalized until Monday morning.

### BREAK POLICY

**Unless state law provides otherwise,** hourly employees will be granted breaks according to the following schedule:

| Shift Length | Paid Break Received |
|---|---|
| 0-3.9 Hours | No Paid Break |
| 4-5.9 Hours | Paid 15 minute break |
| 6-6.9 Hours | Paid 20 minute break |
| 7+ Hours | Two paid 15 minute breaks |

If for some reason a full paid break cannot be taken, the employee will need to be paid for the unused portion of their break. In addition, employees who work a seven or more hour shift must receive the opportunity to take an unpaid 30-minute meal break. Break time is to be taken in designated areas only. Employees must clock in and out on the time clock to record the beginning and ending of their breaks.

### SERVICES PERFORMED POLICY

All services performed in an ALDI store must be authorized by the district manager. Only ALDI employees or authorized outside service contractors may perform any type of work on ALDI premises (i.e., store or parking lot). Store management may not hire anyone to perform any services for ALDI.

It is the responsibility of the manager on duty to make sure that only authorized persons are permitted to perform any type of work on ALDI premises i.e., store or parking lot. Violating this policy is not permissible and anyone violating this policy or requiring or allowing the violation of this policy will be subject to disciplinary action, up to and including termination.


Employee's Signature                    Julio Garcia 41          Date   02.03.16

District Manager's Signature                                     Date   2/3/16

**B**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **JULIO C. GARCIA, individually and on**<br>**behalf of a class of persons similarly situated,**<br>    **Plaintiff** | : | |
| | : | |
| | : | |
|     **v.** | : | **C.A. No.:** |
| | : | |
| **ALDI INC., ALDI INC. (CONNECTICUT),** | : | |
| **and JOHN DOE COMPANIES,** | : | |
| **1 through 40, inclusive,** | : | |
|     **Defendants** | : | |

## <u>CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT</u>

I was formerly employed by ALDI, Inc., ALDI, Inc. (Connecticut) and/or related entities.

By my signature below, I hereby consent, agree, and opt-in to become a plaintiff in an action to collect unpaid minimum wages and/or overtime wages as required by 29 U.S.C. 201, *et seq.* in the matter of *Julio C. Garcia, individually and on behalf of a class of persons similarly situated v. ALDI, Inc., et al.*, pending in the U.S. District Court for the District of Rhode Island.

I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

_____
Julio C. Garcia

_____
01.25.17
Date